Good morning, everyone. We're here today for oral arguments. We are going to begin with Appeal 25-1120, G. T. et al. v. Samsung Electronics America, Incorporated et al. And we'll begin with oral argument from Mr. Sostrin. Good morning, and may it please the Court. The plaintiffs in this case have alleged that Samsung is gathering their biometrics without their consent whenever someone takes their photograph on a Samsung device. And that is because when someone takes a photograph on a Samsung device, Samsung, through its gallery app, scans every face in the photograph and creates a biometric face template based on their unique facial geometry. Samsung does this without informing anyone and without obtaining permission from anyone. This is precisely the conduct forbidden by the Biometric Information Privacy Act, or BIPA. The District Court erred in dismissing the complaint here for two primary reasons. First, the biometrics meet the statutory definition of biometric identifier. The statute expressly defines the term biometric identifier to include a scan of face geometry. And there is no dispute here that there was a scan of face geometry. Second, Samsung, not the photograph takers, collected and possessed biometrics without notice and consent in violation of Sections 15A and 15B. Samsung controlled the decision to collect biometrics, the storage, the access, and the use of the biometrics. Mr. Sostrom, I guess I have a hard time understanding how Samsung controlled the use of the collection of biometrics given the fact that it is not Samsung who is taking the photograph. So, you know, back for those of us who are along in years, you know, say Polaroid creates a camera, but it's not responsible for taking pictures with the camera. Why isn't this any different? Because the user is deciding to take a photograph. That's it. The user is not deciding to scan biometrics. That was Samsung's decision. But if the user doesn't take, let's say the user just takes landscape photographs because they love landscapes, right? In that instance, the gallery app wouldn't process, there wouldn't be any sort of biometric data the gallery app would process, right? So in the end, isn't it the user that decides whether or not the data is collected? No, because the user has no insight that biometric data is even going to be collected. They have no idea that this is happening on the device. And so all they're doing is taking a picture. And Samsung co-opted their camera to then process and scan the faces in those photographs. That was Samsung's decision. And this is how this case is distinguishable from Illinois Appellate Court Barnett decision. In Barnett, the users were deciding to scan their own biometrics to unlock their device. That was a feature that was made available to them. And they had the ability to either use it or not use it. They could turn it on. They could turn it off. They could delete their biometric data. They could leave it there. The users of the smartphones in this case had none of those options. There are a number of Northern District of Illinois cases as well as Illinois state cases. And they hold that there's a difference between controlling or accessing the technology versus the data itself. So to the extent we've got a bifurcation there, that seems to be it. Doesn't such a difference exist when one is alleging, say, possession under 15A? I think that under 15—I'm sorry. Is the question whether access to the data is determinative under 15A? Access or the data itself. So accessing technology is different than the actual data. And that seems to be the distinction that the case laws began. Okay. So with respect to accessing the data, Samsung did that for its own purposes. The app groups photographs of individuals together based on their unique facial geometry. And the decision to do that is not something that the users decided to do. The decision to access the data for that purpose is not something that the users decided to do. It's something that Samsung decided to do. Through its own software, yes. But that software is an instrumentality of Samsung when the users are not choosing to do any of this. We get down to the pleading question, though. Doesn't BIPA require pleading direct access to the data, not direct access to the technology? I'm not sure I would concede that it requires pleading direct access to the data. I think it requires pleading control. I think everyone agrees here that control is a determinative test. And we did plead that Samsung access the data. That Samsung access the data specifically for this purpose of grouping the photographs together. And that was something that it chose to do for its own purposes. On that issue of control, so the district court notifies you, hey, you know, I think you've been deficient in your allegations. And you go back at it, why did you not add additional allegations about the Samsung cloud, knowing that the district court was looking at this issue of control and specifically possession and whether anything at all was left on or kept on Samsung's servers, which is something that we see in some of the other district court cases. Sure. Well, I think there's two answers to that question. The first is that the Samsung storage on the Samsung cloud is not determinative of control in our view. The second is that we believe that the allegations that we made allow for a reasonable inference that the biometrics were uploaded to the Samsung cloud when the gallery app is connected to the Samsung cloud. But there's no specific allegation, going back to Judge Jackson-Koomi's point, that the face templates were uploaded to the cloud. Is that correct? It's correct that it does not expressly state that. However, it does state that the gallery app is connected to the Samsung cloud and that the gallery app, while on the Samsung cloud, allows for the sharing of photo albums. Well, at this point, do you have any reasonable basis to believe or to allege that the face templates were uploaded to the Samsung cloud under Rule 11? I think that based on the information we have, we allege what we could. Samsung's website states that the gallery app is connected to the cloud. It states that groups of photos can then be shared across all devices, including with other people. And the way that the app groups photos together is by using biometric information. And so we believe it's a reasonable inference that when it is connected to the cloud, it utilizes those biometrics in the same way. And then is your position that discovery is what will enable you to connect more dots and find out more about this possession issue? With respect to the cloud, I think that's correct. And in fact, the Hazlet case, which is… Which Hazlet? Well, we can start with the first one. In that case, the allegations were not that any of the data was uploaded to Apple servers. The allegations were that the data stayed solely on the user's device. And the Southern District of Illinois denied the motion to dismiss based on similar factors at issue here, which was that the users didn't choose to do this. They had no control, et cetera. But subsequently in that case, the plaintiffs did find through discovery that the data was sent to Apple's cloud. And they amended their complaint a couple of years later to add those additional allegations. We believe we should be entitled to seek discovery to confirm that in this case. But Hazlet is important not just to show that, but also that the allegations of control, even if the data never uses the device, is sufficient to state a claim for collection and capturing under 15B. Mr. Sussman, is there a way for a plaintiff to, given a phone, determine by reverse engineering or otherwise whether or not the biometric data was uploaded or not uploaded? Is that something that a plaintiff coming just to a case would be able to determine? Or is that something that is solely within Samsung's kind of knowledge? It is not determinable to my knowledge. So I don't know precisely what the answer to that question is, but we're not aware of a way to do that. Would you like to reserve the remainder of your time? Yes, thank you. Thank you, Mr. Sussman. We'll now move to argument on behalf of the appellee, Mr. Dvorsky. Good morning, Your Honors. May it please the Court, Shai Dvorsky for Defendant's Appellees. To begin with what I think is the most straightforward path through this appeal, both parties here agree that a private entity can be liable under BIPA 14A and B only if that entity has or controls the data at issue. As the colloquy this morning thus far, I think, shows, the complaint in this case does not allege that Samsung has or controls the face scans or face templates. What appellants allege in their complaint is that the scans and templates are generated by software that Samsung designs. They allege in the complaint only that the scans and templates are stored on users' devices. They don't allege that Samsung, the company, could use that data or even access it. It therefore makes no sense to say that Samsung had possession of the data as 1415A requires or that it obtained it in any way as 1415B requires. Appellants' argument conflates Samsung's software with Samsung, the company. They argue that Samsung's software does something that they object to because it's generating face scans and face templates. And so they argue that Samsung must therefore control that data. But BIPA doesn't regulate entities' design of software that might generate biometric identifiers or information. It regulates entities' possession and attainment of that data. And appellants simply can't get around the fact that their complaint doesn't allege that Samsung controls data on users' devices. Mr. Grodzki, I wonder if I could ask you the same question that I asked Mr. Sostrin with regard to when a plaintiff gets a phone and looks at the gallery app and knows that, from the way it functions at least, that the gallery app is taking some sort of face template in order to categorize or group photos together. Is there a way that a plaintiff and whatever experts it appears she may require to kind of make a determination as to whether or not the biometric data is uploaded to the cloud versus just the photos? So I'm not sure the answer to that question would be abstract, but let me answer that question with respect to this particular case. Because what happened in this particular case is that the district court, as just Jackson Acumi pointed out, the district court faulted the plaintiffs specifically for lacking an allegation about cloud storage. In response to that, Samsung gave the plaintiffs a declaration that was in the record from another case, a declaration from a senior engineer at Samsung, stating unequivocally that the face scans and the face templates are only stored locally on the user's device. The reason that my opposing counsel acknowledged that the complaint in this case that they pled as much as they could plead is that that was all that they could plead consistent with Rule 11 in light of that declaration. Which they had the opportunity to review that information. They had the opportunity to have a dialogue with Samsung about that information. And it didn't get them to the point where they needed to be, which would be to plead as the statute requires possession or obtainment. So whatever the challenges in the abstract may be of finding that information, in this case plaintiffs have gone as far as they can possibly go in light of the devices at issue. And their allegations are simply insufficient because, again, they're not pleading that Samsung actually possesses or has this information. Does Samsung have access to the gallery app at all? And the reason there are still questions, despite what you're saying right now, there are still questions to ask here. Say, for example, a Samsung user is storing child pornography or any other evidence of criminality on their phone, in their photos. Can Samsung get to that? Could Samsung retrieve those images? I don't know the answer to that question, but they have an alleged, it has to be more than speculation at this stage, that Samsung could do something like that. They have an alleged that Samsung has the ability to reach into the phone in that way. The allegations that my opposing counsel relied on are that the gallery app is connected to the cloud. But specifically what they're talking about in the complaint is that the photographs can be uploaded to the cloud. Photographs under BIPA are not biometric information or biometric identifiers. And so that's all they've alleged. You heard your opposing counsel say that they don't believe that the cloud is determinative of the answer here. In other words, the cloud is not the only means by which Samsung could possess or keep or access the face templates. It happens to be something the district court is talking about and we've talked about. But something could otherwise be in Samsung's control, not on the cloud. They think their allegations allow that favorable inference. What's your response to that? Well, I think let's look at their allegations because I don't think that their allegations support that conclusion. They allege three things. One, they allege that photographs can be backed up to the cloud. That's paragraph 75. They say Samsung's gallery app has a feature that allows users to back up their photographs to a cloud server. For one thing, photographs aren't covered by BIPA. For another, they haven't alleged that any of the plaintiffs here actually use that option to back up even their photographs to the cloud. Two, as to the face scans, they allege that the face scans are stored at least ephemerally, but that's talking about storage on the device. That's paragraph 54. Third, they allege that the face templates are stored at least on the local device. They say, quote, in the solid state memory of the user's Samsung device. That's paragraph 57. And then they acknowledge that the users are the ones who own the device hardware. So the sum total of the allegations in their complaint, anything beyond this is speculation, the sum total of what they're actually alleging is that the face scans and the face templates are stored directly on the user's devices, and photographs, which are not covered by BIPA, can theoretically be backed up to the cloud. That's all they've alleged. Whether there's something else out there that they could conceivably allege on a motion to dismiss, it's just speculation, and the motion to dismiss has to be judged based on what they've actually put forth in their complaint. So going back to what you were saying earlier, so Samsung provided the plaintiffs with a declaration from the engineer, and I assume that after that, from what you're saying, there was some dialogue back and forth. And so is your statement to the court here that the plaintiffs had an opportunity after receiving that declaration to engage in additional dialogue with Samsung to try to get more information to satisfy their obligations under Rule 11? So, again, the declaration was provided to them. They could have asked questions about it if they had wanted to do that. I was not personally a part of that dialogue, so I couldn't – there are all sorts of reasons I couldn't tell you the back and forth, but the primary reason is I don't know because I wasn't a part of that dialogue. But the back and forth here was, again, we gave them this declaration in order to – we didn't want to go through needless litigation over this. We gave them the declaration. They had the opportunity to ask questions about it. They pled what they pled, and at this point, they're bound by their complaint after three complaints in this case. There's a capable of identifying requirement within the definition of biometric information, but there is not that type of requirement within biometric identifier. What are we to make of that? So happy to answer the question just before I do. The court doesn't need to reach that issue at all if it agrees with us that there's no possession or attainment. That would be dispositive of the claims under 1415 A and B. But to get to your question, Chief Judge Brennan, the Ninth Circuit addressed this issue recently in the Zelmer case. The definition of biometric information does expressly include the language about used to identify. The definition of biometric identifier also requires identification because we are talking about an identifier, namely something that can identify. The BIPA does not purport to provide a comprehensive definition of what a biometric identifier is. It lists certain things that are included and certain things that are excluded from biometric identifiers, and when you have that kind of a statutory structure, statutory definition, as the Ninth Circuit explained in Zelmer, BIPA isn't purporting to eliminate the common understanding of what an identifier is, and that common understanding is that an identifier is something that can be used to identify. I'm sorry, go ahead. But when you use the word identify, I think reading from the brief, it seems like the parties perhaps have different definitions of what they think it means to identify. Is Samsung's position that to identify an individual with biometric data means you have to identify the particular individual's name, rank, and serial number, or is it enough that if you have 20 people that the data is sufficient to exclude 19 of them and include just one? Well, Judge Lee, let me answer that question with reference to what I think is common ground because it's the other side's definition of identity. They say in their reply brief at page 3, quoting a dictionary definition, that an identity is the distinguishing character of an individual. What the gallery app does here is that it tells you that the person in photo A is the same as the person in photo B. That's not a distinguishing character. That's not telling you who the face belongs to. It's just telling you these two are the same people. In order to identify, the app would need to tell you who the person is with reference to some distinguishing characteristic, whether that is name, whether that is social security number, whether that in their police lineup example, whether that is being the person who has committed a crime, but simply saying person in photo A is the same as person in photo B. That's not identifying the person or telling you who it is. That's just matching up people who are in the same photo. Again, I think it's perhaps a definitional kind of disagreement, but it seems to me that isolating one person out of a group of possible people with regard to an external reference, let's say it's someone that you met before, someone that committed a crime, or whatever reference that might be other than name and other identifying information, that seems to me at least sufficient to separate one individual from all the others in the world based upon the facial template. Why isn't that identifying? I think it's not telling you anything about that person. Again, let's look at the allegations in their complaint. They float two possibilities in their complaint, neither of which helps them. One is that there is a possibility of tagging photos in the app. Two is that there's a possibility of linking photos to photos in contact cards. They don't allege that any of them were ever tagged. They also don't allege in their complaint that contact information was connected to any of their face scans. They haven't alleged, again in their complaint, whatever identifying means in the abstract, they haven't alleged in their complaint that any of them were identified in any meaningful sense here. I think your argument would have more force if we were not already in a world where facial recognition technology can do so much already and has already been subject to so much litigation and news, but your argument on identifier does ask us to resort to the ordinary meaning of identify, and what I'm trying to understand is why we need to resort to ordinary meaning in that kind of statutory construction when the legislature has specifically defined identifier to include facial geometry, a scan of facial geometry. Why do we then go into the extra steps of statutory construction? First, because the statute does not provide a comprehensive and exclusive definition of what a biometric identifier is, as the Ninth Circuit explained in Zelmer. But what we're discussing here is included in that list, even if we agree with you that the list is non-exhaustive. That's right, but it leads back to the same question of whether a particular scan is a biometric identifier or not, which depends on whether it can identify. There are a couple of other contextual cues that tell us that. One is that biometric information, which is based on biometric identifiers, biometric information has to be able to identify. It wouldn't make sense to say that the biometric information has to identify, but the biometric identifier from which the information is derived doesn't have to identify. In addition to that, elsewhere in the statute, elsewhere in BIPA, it talks about treating biometric identifiers and biometric information similar to other confidential information, and that other confidential information is defined as being able to identify. So again, it's not that every face scan is categorically a biometric identifier. The question is whether the data can identify. But again, going back to what I was saying to Chief Judge Brennan at the beginning of this colloquy, the court doesn't need to wade into any of these issues because the plaintiff's complaint fails at the threshold because they haven't alleged, despite having opportunities to do so, that Samsung possesses or obtained the data at issue. Thank you very much. Thank you. We'll now move back to Mr. Sostrin for rebuttal argument. Thank you. The statute, the counsel talked a lot about possession, but there's 15B as well, which talks about collection and capture. And if Samsung is not collecting and capturing data, then who is? It can't be the smartphone users that are only taking photographs. If they are collecting and capturing the data, then they would be required to comply with BIPA's requirements. They would be required to give notice before taking a photograph that the subject of the photograph is going to have their biometrics scanned. They don't even know that that's happening. The Illinois legislature did not intend for ordinary consumers to be subject to BIPA liability simply by using their smartphones. What it intended is to preclude entities from collecting biometrics without consent. That is exactly what Samsung is doing here through its own instrumentality. Samsung didn't just sell software. It didn't create a biometric scanning tool that it then sold to users who wanted to scan biometrics. It sold smartphones and embedded a biometric scanner into the smartphone without telling anyone. But that seems like facts that might be the basis for some sort of claim between the users of the phone and Samsung, perhaps with regard to nondisclosure or what have you. But here you're asserting a claim with regard to the subjects of the pictures in Samsung, right? And so I think that's where, for me at least, it becomes a bit hazy. I think that that additional claim could be made, but I'm not sure why one would preclude the other. I think you look at the statutory terms, collecting and capturing data. Well, because the first is the claim directly from the user to Samsung deals with obligation that Samsung had to the user. BIPA deals with what obligation Samsung had to the subject of the photos, right? And so those are, it seems to me, those type of claims are trying to effectuate different rights. I think that's true. And here we have the subject of the photographs whose biometrics are being collected without their knowledge and consent. They're not, so the plaintiffs aren't just alleging that their biometrics were collected on their own devices, but on other people's devices whenever they took their photograph. It would be like if Samsung sold smartphones that recorded every phone call that came into the phone and just stored the recordings locally on the device. Could Samsung say, oh no, we're not recording anything. It's just the software that we sold. It doesn't matter that the data is stored on a device or in the cloud. It matters who is doing it, who is choosing to collect these biometrics. And in this case, we've alleged that Samsung is doing it. The users have no idea it's happening. They have no ability to control any of it. Just briefly on the capable of identifying requirement. It's capable of identifying, not actually identifying. And in this case, we allege and we quote Samsung's patent that says that the subjects of the photographs could be linked to the contact list. A contact list contains all this additional information that Samsung says is lacking here. So if the patent says it can be linked to that identifying information and we allege that in the complaint, I think we've satisfied that requirement, even if it is part of the statutory, even if it is a statutory requirement. Unless there are any additional questions, I can end here. Thank you very much, Mr. Soskin. Thank you, Mr. Dvorsky. The case will be taken under advisement.